E-FILED
Friday, 03 April, 2020  10:59:25 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARK SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 20-1088-CSB |
| | ) | |
| | ) | |
| SUSAN PRENTICE, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

### MERIT REVIEW ORDER

**COLIN S. BRUCE, U.S. District Judge:**

Plaintiff Mark Scott, proceeding *pro se*, is an IDOC inmate who is currently being housed at the IDOC's Stateville Correctional Center.  However, the events that form the basis for this case occurred when Plaintiff was being housed at the IDOC's Pontiac Correctional Center ("Pontiac").

The case is now before the Court for a merit review of Plaintiff's claims contained within his Complaint.  The Court is required by 28 U.S.C. § 1915A to "screen" a plaintiff's complaint and, through such process, to identify and to dismiss any legally insufficient claim or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges that, in August 2017, he was denied meals by certain correctional officers at Pontiac based upon an improper policy from Defendant Susan Prentice. Plaintiff objected to this policy, which led to the TACT Team extracting him by force. Even though he states that he was not resisting, Plaintiff avers that the TACT Team purposefully assaulted him when they removed him from his cell and that he sustained injuries as a result, including a chipped tooth.

Thereafter, Plaintiff alleges that he was taken to the health care unit, but Defendant Nurse Drilling failed or refused to provide him with proper medical treatment, and a John Doe Dentist failed or refused to provide him with proper dental care for his chipped tooth. Finally, Plaintiff claims that he was placed in a cell with no mattress, no running water, that was covered in feces, and was given no cleaning supplies.

Plaintiff's Complaint states three claims: (1) an excessive force claim against the John Doe TACT Team members who assaulted him when they removed him from his cell; (2) a conditions of confinement claim in violation of his Eighth Amendment right based upon the deprivation of meals and based upon being placed in an unconstitutionally unsanitary cell; and (3) a deliberate indifference claim based upon

the lack of proper medical treatment and dental care.  Plaintiff will need, through the discovery process, to obtain the proper names and identities of the John Doe and Jane Defendants because the Court cannot effect service of process upon and bring them into the case until it knows who these individuals are.  Once Plaintiff determines these individuals' names, he must move for leave to file an amended complaint in which he adds these Defendants.

However, Plaintiff may not simply submit a list of names.  Instead, Plaintiff must file a new, complete amended complaint in which he adds these new individuals as well as includes the currently named Defendants because this amended complaint, if granted leave to file, will completely replace the current, Original Complaint.

**IT IS, THEREFORE, ORDERED:**

1.      Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's Complaint states three claims: (1) an excessive force claim against the John Doe TACT Team members who assaulted him when they removed him from his cell; (2) a conditions of confinement claim based upon the deprivation of meals and based upon being placed in an unconstitutionally unsanitary cell against Defendants Prentice, Greenland, Wittig, Reed, Harvey, Shelton, Sellers, Fike, and John Doe; and (3) a deliberate indifference claim based upon the lack of proper medical and dental care against Defendant Nurse Drilling and John Doe Dentist.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3

2.      This case is now in the process of service.   Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the court at this time unless otherwise directed by the Court.

3.      The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have sixty (60) days from the date the waiver is sent to file an answer.  If Defendants have not filed answers or appeared through counsel within ninety (90) days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4.      With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk of the Court said Defendant's current work address, or, if not known, said Defendant's forwarding address.  This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5.      Defendants shall file an answer within sixty (60) days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this opinion.  In general, an answer

sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6.      This District uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the Clerk.  Plaintiff does not need to mail to defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7.      Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement.  Counsel for Defendants shall arrange the time for the deposition.

8.      Plaintiff shall immediately notify the Clerk of the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9.      If a Defendant fails to sign and return a waiver of service to the Clerk within thirty (30) days after the waiver is sent, the Court will take appropriate steps to

effect formal service through the U.S. Marshals service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10.     The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11.     The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.

Entered this 3rd day of April, 2020

```
_____/s Colin S. Bruce_____
         COLIN S. BRUCE
   UNITED STATES DISTRICT JUDGE
```