E-FILED
Wednesday, 14 July, 2021 10:26:53 AM
Clerk, U.S. District Court, ILCD

## PROPOSED AMENDED COMPLAINT

Plaintiff's Information

MARK SCOTT    K68188

Stateville Correctional Center

P.O. Box 112

Joliet, IL 61764

Are there additional plaintiff's? : No

___

Defendant's Information

SUSAN PRENTICE            MAJOR

c/o Megan Murphy

1776 E. Washington Street

Urbana, IL 61802

Are you suing this defendant in his/her: Personal Capacity
Are you suing more than one defendant : Yes (listed on additional pages)

___

Case Information

No. : 20-1088-CSB

Honorable Colin S. Bruce, U.S. District Judge

U.S. District Court - Central District of Illinois

## II. STATEMENT OF FACTS

1. Between 8/30/2017 - 8/35/2017, Plaintiff Mark Scott ("Plaintiff") was denied 6-10 meals by Defendants Correctional Officers Eric M. Greenland, Brandon M. Wittig, Holocker, Lefler, Jackson, Dicks and Cintron.

2. Between 8/30/2017 - 8/35/2017, Plaintiff was written numerous disciplinary reports by Greenland, Wittig and others.

3. Plaintiff was written the disciplinary reports and denied the meals because Defendant Major Susan Prentice without approval or notice directed her staff to tell the inmates assigned to 6 and 8 galleries of the North Administrative Unit ("NADU") to sit on the bunk at the rear of the cell in order to receive their trays and if the inmate doesn't comply, they are to deny the inmate the meal and write a disciplinary report.

4. Plaintiff filed emergency grievances and wrote Warden Michael P. Melvin informing him of what was taking place, and asking for the memo for this policy.

5. On 8/30/2017, Plaintiff attended the Adjustment Committee for the disciplinary reports.

6. On 9/18/2017, Major Hobart toured 6 and 8 galleries, he stopped at Plaintiff's cell and told him "per Warden Melvin, that feeding policy doesn't apply to 6 and 8 galleries, and Major Prentice has been made aware."

7. On 9/11/2017, the disciplinary reports were expunged.

8. In retaliation for plaintiff's complaining, writing of grievances and the expungement of disciplinary reports, Defendant

Prentice ordered her staff to continue to target Plaintiff with a feeding policy that her supervisors and the Adjustment Committee determined to be arbitrary and inapplicable.

9.    On 9/11/2017, at apprx. 11:40 a.m, Defendant Correctional Officers Ryan Reed and Donald Harvey arrived at Plaintiff's cell (NA-802) to deliver the lunch meal. Reed directed Plaintiff to "sit on the bed", Plaintiff then offered to step back from the chuckhole and subsequently did, Reed again told the plaintiff "sit on the bed." Plaintiff then explained to Reed that Major Hobart informed him that Warden Melvin made it clear that the feeding policy did not apply to 6 and 8 galleries, Reed then stated "well Major Prentice just told me to tell you to sit on the bed." Reed left Plaintiff's cell without providing him a tray, Plaintiff then asked Harvey for the tray and he too denied him. Reed and Harvey did not order any other inmates to sit on their bunk to receive their tray.

10.    Plaintiff was written a disciplinary report by Harvey, which was signed by Prentice.

11.    On 9/11/2017, at apprx. 2 p.m., inmates that were upset that Plaintiff was singled out began flooding their cells and the gallery, soon after, all the cellhouse staff reported to Plaintiff's cell (and only his cell), and though there was no water in his cell, the staff began threatening him and his property.

12.    Correctional Officer Davis threatened "wait til I get you on 1 gallery, y'all have had it sweet up here, you haven't seen a 1 gallery officer yet, you really won't get trays down there." Harvey stood in front of the cell and began kicking water into the cell onto Plaintiff, attempting to get him to respond in kind. Correctional

Officers Vinson and Farley stated "Prentice sent us to get you out this cell, you cuff-up, we're fucking you up, you don't cuff-up, then we're coming in there to fuck you up," Vinson then began mocking "I'm not resiting - I'm not resisting" (both are members of the extraction team and this a cry that's often heard from inmates being extracted by the tactical team). Defendant Correctional Sergant James Fike asked Plaintiff "did you do this", the plaintiff replied "no" and demostrated him that his floor was dry, Fike left the cell and restored everyones water except Plaintiff's.

13.    At apprx. 4:45 p.m., Defendants Extraction Team members Francis Sorenson, S. Tutosky, Harlan (Bodge #10650), J. Liles, S. Toppel and Andrew Smith arrived at Plaintiff's cell.

14.    Tactical Team Leader Francis Sorenson sprayed me twice with o.c. spray, then the extraction team rushed into the cell and used the shield to push the plaintiff to the rear of the cell onto the floor.

15.    The tactical team members then began to kick and punch Plaintiff onto his head and body while yelling "stop resisting", Plaintiff surrendered his hands as soon as he was on the floor.

16.    While Plaintiff was face down on the floor surrendering his hands, a tactical team member grabbed the back of Plaintiff's head and rammed it into the floor numerous times, causing Plaintiff's upper front two teeth to chip and crack.

17.    Defendant S. Tutoky grabbed my ankle and twisted it until Plaintiff felt it crack, causing excruciating pain.

18.    Defendant Sorenson then grabbed the back of Plaintiff's

neck, pressed his head against the floor and sprayed the plaintiff's head with o.c. spray.

19.    Defendant Liles grabbed Plaintiff's foot, removed his shoe and struck him on the bottom of the foot with a baton, creating a deep and painful bruise on the bottom of his foot.

20.    Throughout this ordeal, the tactical team had full control of my arms and legs, Plaintiff was yelling "I'm not resisting", but they continued to beat me as c/o Vinson and c/o Forley promised.

21.    After handcuffs and leg shackles were placed on Plaintiff, he was half-dragged down the gallery and 4 flights of stairs, with members of the tactical team purposefully stepping on the leg shackles, causing them to cut into his ankles.

22.    Plaintiff was placed outside on his knees, where ▆▆▆▆▆▆ Defendant RN Jade Drilling placed a drop of solution into each of his eyes. Drilling asked Plaintiff if he had any injuries, he answered with "my tooth is chipped, I think my ankle is broken and I can't walk on the bottom of my foot," RN Drilling replied "put in for Dental and sick call", then walked off.

23.    Plaintiff was then stripped of all his clothing, only his jumpsuit was placed around him, he was escorted to cell N-117.

24.    Cell N-117 had no working water in the sink or toilet, so Plaintiff couldn't get relief from the o.c. spray, he was forced to use dirty toilet water on his face. The cell had no mattress, feces was smeared on the walls and bunk. There was an infestation of waterbugs coming out a huge hole behind the toilet, and remnants of food covered all parts of the cell. Plaintiff was forced to sleep on a very cold floor while

wearing a wet jumpsuit covered in o.c. spray.

35.   Once the plaintiff realized the condition of the cell, he asked Defendant Correctional Officer Andrew Shelton (assigned to 1 gallery on 3-11 shift) every ½ hour for cleaning supplies and water, Shelton ignored Plaintiff each time.

36.   On September 12, 2017, during "count time" (apprx. 7 a.m.), Correctional Officer Davis appeared at Plaintiff's cell and began taunting him with laughter, he then stated "I got your property."

37.   Mental Health Professional Molinero came to the cell with c/o Davis escorting her, she asked Plaintiff about his mental and physical health, Plaintiff informed her of his physical injuries and she replied that she would put the plaintiff in for dental and sick call since he had no property. Plaintiff displayed to MHP Molinero that he had no mattress, as well as the conditions of the cell and his jumpsuit, she then looked at c/o Davis and he said to her "We'll get him a mattress and jumpsuit," the plaintiff did not receive them.

38.   Throughout the 7-3 shift on September 12th and 13th, Plaintiff repeatedly begged Defendant Correctional Officer Marcus Sellers (assigned to 1 gallery on 7-3 shift) for water, a mattress and cleaning supplies, each time Sellers replied with "not for 72 hours."

39.   On September 14, 2017, Internal Affairs officers Bufford and Cox called the plaintiff into the Lieutenant's office for an interview and to take photos of his teeth. During this interview, they confirmed that Prentice was notified in a meeting with Warden Melvin that the feeding policy did not apply to inmates on 6 and 8 galleries. Plaintiff informed Officers Cox and Bufford that he had no mattress, underclothes

or cosmetics, and the cell had no water.

30.    Plaintiff was taken directly from the interview to the ~~dentist~~ Defendant Dentist J. Mitchell, who shaved down the front left tooth to remove the chipped area, but said the crack in the front right tooth couldn't be fixed and he couldn't give the plaintiff a cap because that's considered cosmetic. The crack remains in Plaintiff's tooth.

31.    When the plaintiff was returned to cell N-117 after seeing the dentist, he was given a mattress, some cosmetics and the water was restored. Plaintiff was told that his property was missing.

32.    Plaintiff went 72 hours covered in o.c. spray, with no water to cleanse himself of the o.c. spray or drink, no mattress or bedding to rest upon, and only a jumpsuit covered in o.c. spray to wear. Plaintiff had to remain on the floor at all times to avoid contact with the feces that covered the walls and bunk.

33.    On September 16, 2017, Plaintiff went to the Health Care Unit for a hunger strike check-up, Defendant Drilling advised him on the hunger strike. Plaintiff informed her that he was extracted on 9/11, and as a result he had a deep bruise on the bottom of his foot, his ankle hurt badly, and there was deep cuts on his ankles, Drilling replied "yeah, I put solution in your eyes- did you put in for sick call," Plaintiff then informed her that he had no property to write-in for sick-call, Drilling then stated "we're here for your hunger strike" and refused to address or document his injuries.

34.    On September 17, 2017, I showed Sgt. Fike the feces throughout the cell and asked him for cleaning supplies, as well as the plaintiff's property, so that he could clean the cell, Fike replied that he would try

to find some supplies and the plaintiff's property, but failed to return.

35. On September 18, 2017, upon Plaintiff returning from the Health Care Unit he saw Fike and begged for his property and cleaning supplies, Fike immediately told a correctional officer to "go in the office and get his property box", Plaintiff was then placed in the cell with his full property.

36. Plaintiff remained in the feces covered cell for a week with no cleaning supplies, he then had to use his cosmetics and towels to clean the feces with no protective gear.

## III. RELIEF

A. Issue an injunction ordering Tactical Team members Sorenson, Tutoky, Toppel, Smith, Harlan and Liles, and Dentist J. Mitchell to:

1. Immediately arrange for a cap or permanent fix to the crack in Plaintiff's tooth.

B. Award compensatory damages jointly and severally against:

1. Defendants Tactical Team members Sorenson, Tutoky, Toppel, Smith, Harlan and Liles for the physical and emotional injuries sustained as a result of the plaintiff's beating.

2. Defendants Prentice, Greenland, Wittig, Reed, Harvey, Dicks, Cintron, Holocker, Lefler and Jackson for the physical and emotional injuries resulting from the conditions of confinement (denial of meals).

3. Defendants Sorenson, Tutosky, Harlan, Liles, Toppel, Smith, Shelton, Sellers and Fike for the physical and emotional injuries resulting from conditions of confinement (cell conditions).

4. Defendant Prentice for the physical and emotional injuries

resulting from the retaliation.

    5.  Defendants Drilling and Mitchell for the physical and emotional injuries resulting from their failure to provide adequate medical care to the plaintiff.

    C.  Award punitive damages in the following amounts:

      1. $15,000 against Prentice

      2. $20,000 against Tactical Team members Sorenson, Tutosky, Harlan, Liles, Toppel, Smith.

      3. $10,000 each against Greenland, Wittig, Holocker, Lefler, Jackson, Dicks, Cintron, Reed, Harvey, Shelton and Sellers.

      4. $10,000 each against Drilling and Mitchell.

    D.  Grant such other relief as it may appear that Plaintiff is entitled.

June 28, 2021

Respectfully Submitted,

_Mark Scott_

Mark Scott #K68188

P.O. Box 112

Joliet, IL 60434

VERIFICATION

    I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Stateville on 6/28/21

_Mark Scott_

Mark Scott

Additional Defendants

Eric Greenland                    Correctional Officer
% Megan Murphy
1776 E. Washington Street
Urbana, IL 61802
Are you suing these defendants in their: Personal Capacity


Brandon Wittig                   Correctional Officer
% Megan Murphy
1776 E. Washington Street
Urbana, IL 61802
Are you suing these defendants in their: Personal Capacity


Ryan Reed                         Correctional Officer
% Megan Murphy
1776 E. Washington Street
Urbana, IL 61802
Are you suing these defendants in their: Personal Capacity


Donald Harvey                    Correctional Officer
% Megan Murphy
1776 E. Washington Street
Urbana, IL 61802
Are you suing these defendants in their: Personal Capacity


James Fike                        Correctional Sergant
% Megan Murphy
1776 E. Washington Street
Urbana, IL 61802
Are you suing these defendants in their: Personal Capacity

Andrew Shelton                    Correctional Officer
c/o Megan Murphy
1776 E. Washington Street
Urbana, IL 61802
Are you suing these defendants in their: Personal Capacity


Marcus Sellers                    Correctional Officer
c/o Megan Murphy
1776 E. Washington Street
Urbana, IL 61802
Are you suing these defendants in their: Personal Capacity


Holocker                          Correctional Officer (7-3 shift)
700 W. Lincoln
Pontiac, IL 61764
Are you suing these defendants in their: Personal Capacity


Mr. Lefler                        Correctional Officer (3-11 shift)
700 W. Lincoln
Pontiac, IL 61764
Are you suing these defendants in their: Personal Capacity


Mr. Jackson                       Correctional Officer (7-3 shift)
700 W. Lincoln
Pontiac, IL 61764
Are you suing these defendants in their: Personal Capacity


Mr. Dicks                         Correctional Officer (7-3 shift)
700 W. Lincoln
Pontiac, IL 61764
Are you suing this defendant in their: Personal Capacity

Mr. Cintron                          Correctional Officer
700 W. Lincoln
Pontiac, IL ▆▆▆ 61764
Are you suing these defendants in their: Personal Capacity


Francis Sorenson                    Correctional Lieutenant/Tactical Leader
700 W. Lincoln
Pontiac, IL 60434
Are you suing these defendants in their: Personal Capacity


S. Tutosky                          Correctional Officer/Tactical Team Member
700 W. Lincoln
Pontiac, Il ▆▆▆ 61764
Are you suing these defendants in their: Personal Capacity


Mr. Harlan (Badge #10650)           Correctional Officer/Tactical Team Member
700 W. Lincoln
Pontiac, IL 61764
Are you suing these defendants in their: Personal Capacity


J. Liles                            Correctional Officer/Tactical Team Member
700 W. Lincoln
Pontiac, IL 61764
Are you suing these defendants in their: Personal Capacity

S. Toppel                          Correctional Officer/Tactical Team Member
700 W. Lincoln
Pontiac, Il 61764
Are you suing these defendants in their: Personal Capacity

Andrew Smith                       Correctional Officer/Tactical Team Member
700 W. Lincoln
Pontiac, IL 61764
Are you suing these defendants in their: Personal Capacity

Jade Drilling                      Registered Nurse
700 W. Lincoln
Pontiac, IL 61764
Are you suing this defendant in his/her: Personal and Official Capacity

J. Mitchell                        Dentist
700 W. Lincoln
Pontiac, IL 61764
Are you suing this defendant in his/her: Personal and Official Capacity

CERTIFICATE OF SERVICE

I, the undersigned, do hereby declare that on June 29, 2021, I placed the attached Motion for Leave to File an Amended Complaint, and Proposed Amended Complaint, into the institutional mail at Stateville C.C., addressed to the Law Library, to be filed with the Clerk of the Court using the CM/ECF system.

/s/ Mark Scott
Mark Scott #K68188
P.O. Box 112
Joliet, Il 60434

I, Mark Scott, swears under the penalty of perjury (28 U.S.C. 1746, 18 U.S.C. 1621), that the above is true and correct to the best of my knowledge and belief.

Mark Scott
June 29, 2021