IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARK SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 20-cv-1088 |
| v. ) | |
| ) | Judge Colin Sterling Bruce |
| SUSAN PRENTICE, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION FOR SANCTIONS AGAINST ALL DEFENDANTS FOR FAILING TO COMPLY WITH THE COURT'S ORDER OF JUNE 1, 2023**

Plaintiff Mark Scott, by his undersigned counsel, hereby moves this Court for an order of sanctions pursuant to Fed. R. Civ. P. 37 against Defendants for failing to comply with the Court's order of June 1, 2023.

1.  On March 6, 2020, Plaintiff Mark Scott, an IDOC prisoner who is currently being housed at Danville Correctional Center, filed this lawsuit *pro se* against certain correctional officers and supervisors at Pontiac Correctional Center, where the events that form the basis for his lawsuit occurred. Plaintiff alleges that, in August and September 2017, he was denied meals by certain correctional officers at Pontiac based upon an improper policy from Defendant Susan Prentice. When Plaintiff objected to this policy by filing a grievance, the tactical team, directed by Defendant Prentice, retaliated against him by extracting him from his cell by force on September 11, 2017. Plaintiff alleges that the tactical team purposefully assaulted him when they removed him from his cell, even though he was not resisting, and that he sustained injuries as a result, including a chipped tooth. Thereafter, Plaintiff alleges that he was taken to the health care unit, but was denied proper medical treatment for his chipped tooth. Plaintiff further alleges that he was placed in a cell with no mattress, no running water, that was covered in feces, and was

given no cleaning supplies. *See* Dkt. 29.

2. Plaintiff's amended complaint, filed on July 14, 2021, states the following four claims: (1) an excessive force claim against Defendants Sorenson, Tutoky, Harlan, Liles, Toppel and Smith based upon the forcible removal from Plaintiff's cell; (2) a conditions of confinement claim based upon the deprivation of meals and based upon being placed in an unconstitutionally unsanitary cell against Defendants Prentice, Greenland, Wittig, Reed, Harvey, Shelton, Sellers, Fike, Holocker, Lefler, Jackson, Dicks, Bufford and Cox; (3) a deliberate indifference claim based upon the lack of proper medical care against Nurse Drilling; and (4) a First Amendment retaliation claim against Defendants Prentice and Harvey based upon their retaliation against Plaintiff because he exercised his First Amendment right of filing a grievance. *See* Dkt. 28, 29, and Text Order of July 14, 2021.

3. As the Court is aware, Plaintiff has been forced to file three motions to compel (Dkt. 74, 75, 76) and one prior motion for sanctions (Dkt. 83) due to Defendants' inability to respond to Plaintiff's written discovery requests in a timely manner.

4. The discovery requests at issue in the present motion are Plaintiff's First Request for Production Numbers 1, 2, 3, 4, and 6, which were served on September 27, 2021. *See* Defendants' Response to Plaintiff's First Request for Production attached as Exhibit A.

5. Request Numbers 1, 2, 3, and 4 sought all policies, directives, instructions, memoranda and electronic communications (i.e., emails and text messages), between August 1, 2017 and September 30, 2017, related to the feeding policy implemented by Defendant Prentice, as reflected in paragraph 3 of Plaintiff's Amended Complaint, that required inmates to sit on their bunk at the rear of their cell to be fed. *See* Ex. A.

6. Request Number 6 sought Plaintiff's "expungement file" which contains

documents reflecting that certain disciplinary reports Plaintiff received in August 2017 for violating the feeding policy were subsequently expunged by the adjustment committee. *See* Ex. A.

7. These materials are obviously highly relevant to Plaintiff's claims that Defendants denied him meals due to an improper feeding policy implemented by Defendant Prentice, and that when he complained by filing a grievance, Defendants retaliated against him by extracting him from his cell using excessive force.

8. On October 27, 2021, Defendants responded to Plaintiff's First Request for Production, but refused to produce any materials in response to Request Numbers 1-4 and 6, asserting boilerplate objections. *See* Ex. A.

9. As set forth in Plaintiff's motion to compel, Plaintiff, first while he was *pro se*, and later through counsel, made several unsuccessful attempts to obtain the requested materials, and was therefore forced to seek Court intervention. *See* Dkt. 75, ¶¶ 9-20.

10. Defendants did not respond to Plaintiff's motion to compel, and on June 1, 2023, the Court entered an order, granting Plaintiff's motion to compel. *See* Text Order of June 1, 2023. The Court ordered Defendants "to respond fully, without evasion, and without objection(s) to Plaintiff's discovery requests that are the subjects of the motion[] to compel" and further ordered that Defendants "must provide the documents, information, and material requested by him on or before June 20, 2023." *Id.* The Court warned that "due to the prior extensions granted by the Court, a request for more time from Defendants will not be viewed favorably from the Court." *Id.*

11. In violation of the Court's order, Defendants failed to provide responses to Plaintiff's Request for Production Numbers 1-4 and 6 by June 20, 2023.

12. On June 21, 2023, despite the Court's warning not to ask for more time, Defendants filed a motion for an extension of time, until June 27, 2023, to provide answers. Dkt. 81. Plaintiff filed a response in opposition to Defendants' motion. Dkt. 82.

13. On June 28, Defendants provided supplemental answers to Plaintiff's First Request for Production. *See* Defendants' Supplemental Answers to Plaintiff's First Request for Production attached as Exhibit B.

14. In violation of the Court's order that Defendants respond "fully, without evasion, and without objection," Defendants' supplemental responses to Request Numbers 1-4 contain boilerplate objections. *See* Ex. B.

15. In response to Request Numbers 3 and 4, Defendants represent, over their objections, that no "memoranda" or "written policies, administrative/institutional directives, or instructions concerning the feeding policy in question exist." *See* Ex. B.

16. In response to Request Numbers 1 and 2, Defendants state that, "notwithstanding the aforementioned objection, Defendants have requested the aforementioned communications from IDOC using the search term: 'feeding policy', covering the period of 09/01/2017 to 10/01/2017." *See* Ex. B. These responses are deficient for multiple reasons. *First*, Defendants still have not produced the requested materials as the Court ordered them to do and have not indicated in their response when, if ever, the materials will be produced. *Second*, as reflected in Plaintiff's Complaint, the feeding policy was instituted in August 2017, thus, any search must include the month of August and cannot be limited to the month of September. Plaintiff's counsel specifically informed Defendants' counsel of this fact during a meet and confer in April (*see* Dkt. 75-3 (email of Apr. 26, 2023)). *Third*, a search that only uses the term "feeding policy" is not acceptable. Defendants' counsel, as well as Defendant Prentice herself, are well aware of

4

the type of communications Plaintiff is seeking, and are obligated to make every effort possible to locate and produce responsive materials.

17. In response to Request Number 6, Defendants state that "Plaintiffs [sic] do not seek a supplemental response for this item." *See* Ex. B. This is patently false. Defendants' counsel has been repeatedly told, first by Plaintiff himself (*see* Dkt. 75-2), then by Plaintiff's counsel both in writing and by phone (*see* Dkt. 75-3 (email of Apr. 26, 2023)), and in Plaintiff's motion to compel (*see* Dkt. 75, ¶¶ 6, 16, 17, 19), that Plaintiff is seeking his "expungement file" which contains documents reflecting that certain disciplinary reports Plaintiff received in August 2017 for violating the feeding policy were subsequently expunged by the adjustment committee. Plaintiff has never withdrawn this request.

18. The deadline for completing discovery was June 14, 2023. *See* Text Order of December 15, 2022. In order to meet the discovery deadline and keep his trial date, Plaintiff has been forced to depose several of the Defendants without the benefit of having responses to his written discovery requests. However, it is essential that Plaintiff's counsel obtain full and complete responses to First Request for Production Numbers 1-2 and 6 in advance of Defendant Prentice's deposition in order to fully and properly question her about the policy she instituted.

19. Due to Defendants' inability to produce the requested materials in a timely manner (and their unwillingness to file a motion for extension of time to complete discovery themselves) Plaintiff was forced to seek a three week extension of the discovery deadline, to July 7, which the Court granted. *See* Dkt. 77, Text Order of June 12, 2023.

20. Plaintiff subsequently noticed Defendant Prentice's deposition for July 7, in the hopes that Defendants would have produced the discovery he needed in order to proceed with her deposition by the end of June. Defendants' continuing failure to do so will require Plaintiff to

reschedule Defendant Prentice's deposition and file another motion for extension of time.

21. Federal Rule of Civil Procedure 37(b)(2)(A) provides that if a party fails to obey an order to provide discovery, including an order under Rule 37(a), the court may order sanctions, which include "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;" "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," "striking pleadings in whole or in part," and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(i)(ii), (iii), (vi). Rule 37(d)(3) further provides that, instead of or in addition to the sanctions enumerated in Rule 37(b)(2), the court must require the party failing to serve its answers "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *See* Fed. R. Civ. P. 37(d)(3).

22. Plaintiff requests the following relief and sanctions. *First*, that Defendants immediately provide full and complete responses to Plaintiff's First Request for Production Numbers 1, 2, and 6 as detailed above. *Second*, pursuant to Rule 37(b)(2)(A)(i), Plaintiff requests that the Court order that the following facts from Plaintiff's Amended Complaint be taken as established for purposes of the action:

- Between August 20, 2017 and August 25, 2017, Plaintiff was denied 6-10 meals by Defendants Correctional Officers Eric Greenland, Brandon Wittig, James Holocker, Charles Lefler, David Jackson, and Chance Dicks. (Dkt. 29, ¶ 1)

- Between August 20, 2017 and August 25, 2017, Plaintiff was written numerous disciplinary reports by Defendants Greenland, Wittig and others. (Dkt. 29, ¶ 2)

- Plaintiff was written the disciplinary reports and denied the meals because Defendant Prentice without approval or notice directed her staff to tell the inmates assigned to 6 and 8 galleries of the North Administrative Detention Unit

- ("NADU") to sit on the bunk at the rear of the cell in order to receive their trays and if the inmate doesn't comply, they are to deny the inmate the meal and write a disciplinary report. (Dkt. 29, ¶ 3)

- Plaintiff filed emergency grievances and wrote Warden Michael P. Melvin informing him of what was taking place, and asking for the memo for this policy. (Dkt. 29, ¶ 4)

- On August 30, 2017, Plaintiff attended the Adjustment Committee for the disciplinary reports. (Dkt. 29, ¶ 5)

- On September 11, 2017, the disciplinary reports were expunged. (Dkt. 29, ¶ 7)

- In retaliation for Plaintiff's complaining, writing of grievances and the expungement of disciplinary reports, Defendant Prentice ordered her staff to continue to target Plaintiff with a feeding policy that her supervisors and the Adjustment Committee determined to be arbitrary and inapplicable. (Dkt. 29, ¶ 8)

*Third*, Plaintiff requests, pursuant Rule 37(d)(3), an award of reasonable expenses, including attorneys' fees, incurred in bringing the instant motion.

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's motion for sanctions, enter an order of sanctions as set forth above and any other relief the Court deems just.


Dated: June 29, 2023                    Respectfully submitted,

                                        /s/ Ben H. Elson
                                        Ben H. Elson, Brad J. Thomson
                                        Hakeem Muhammad                    .
                                        PEOPLE'S LAW OFFICE
                                        1180 N. Milwaukee Ave.
                                        Chicago, IL 60642
                                        (773) 235-0070